# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| HARVEY BURNES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00608 |
| ) | |
| PHILIP E. SMITH, CIRCUIT COURT ) | JUDGE CAMPBELL |
| JUDGE FOR DAVIDSON COUNTY ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiff Harvey Burnes has filed a *pro se* "Complaint for Violation of Civil Rights Under 42 U.S.C. §§ 1983, 1985, 1988 and 38 U.S.C. §§ 511(a), 5301" (Doc. No. 1), along with an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. No. 2). As it appears from Plaintiff's submission that he lacks sufficient financial resources from which to pay the fee required for the filing of a complaint, the Application (Doc. No. 2) is **GRANTED**, and the Clerk is **DIRECTED** to file the Complaint *in forma pauperis*. 28 U.S.C. § 1915(a).

Because Plaintiff proceeds *in forma pauperis*, the Court is required by 28 U.S.C. § 1915(e)(2) to conduct an initial review of the Complaint and to dismiss it, or any portion thereof, if it is facially frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

## I. Standard of Review

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [§ 1915(e)(2)] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Thus, in reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). The court must then consider whether those factual allegations, accepted as true, "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The court "need not accept as true legal conclusions or unwarranted factual inferences." *DirectTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). (quoting *Gregory v. Shelby Cty.*, 220 F.3d 433, 446 (6th Cir. 2000)). "[L]egal conclusions masquerading as factual allegations will not suffice." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

A "*pro se* complaint . . . must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this lenient standard, however, *pro se* plaintiffs must meet basic pleading requirements. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

## II. Factual Allegations

In the present Complaint, Plaintiff names the following as defendants: Philip E. Smith,

Davidson County Circuit Court Judge; Gillian L. Jones, "Attorney by Contract for the State of Tennessee"; Yvette Y. Cain, Attorney at Law; William Tallent, "Attorney by Contract for the State of Tennessee"; Metropolitan Government of Nashville and Davidson County; and State of Tennessee Department of Human Services. (Doc. No. 1 ¶¶ 2–7.) He alleges that a petition for contempt was filed against him in 1989, demanding that he be ordered to pay $50.00 per week in child support and noting that there was an accumulated arrears in unpaid child support in the amount of $7,900 as of June 1992. In July 1992, the State of Tennessee intervened as a plaintiff in that case, on the basis that Plaintiff's wife was receiving state aid and, therefore, that the State was entitled to payment of the child support and arrears. Plaintiff alleges that the State's petition for contempt was never served upon him and that it was dismissed for failure to prosecute in 1995. (*Id.* ¶¶ II–V.)

In 1996, the State of Tennessee moved to set aside the order of dismissal, and the court entered an order granting the motion. Plaintiff alleges that service upon him of the contempt petition was never effected at that time either. (*Id.* ¶¶ VI–VII.)

The State of Tennessee filed a petition to terminate child support and reduce arrears to a judgment in July 2014. (*Id.*. ¶ VIII.) In October 2015, the court entered an order terminating support and finding that Plaintiff had "an arrears balance of $34,726.00 as of September 8, 2014 and shall pay the sum of $0.00 per month." (*Id.* ¶ IX.)

The allegations that actually appear to form the basis of Plaintiff's Complaint are that (1) Judge Philip E. Smith entered an order on August 17, 2016, requiring Plaintiff to reduce the said arrearage at the rate of $200 per month beginning in September 2016 and giving him 90 days from the date of the hearing to provide proof of payments made on the arrearage; (2) Plaintiff hired Yvette Cain to represent him and to seek dismissal of the case against him, but, after Cain

3

filed a motion to set aside or vacate the previous order, the motion was never heard and Cain withdrew from representing him; (3) William Tallent, "Attorney by Contract for the State of Tennessee," had Plaintiff's driver's license suspended in July 25, 2017 and thereafter threatened to have him arrested; and (4) "[m]ost[] importantly," Plaintiff is a 100% disabled veteran who suffers from post-traumatic stress disorder. (*Id.* ¶¶ X–XIII.) Plaintiff's *in forma pauperis* application establishes that his entire income consists of disability benefits from the Veterans Administration. (*See* Doc. No. 2, at 6.)

On the basis of these allegations, Plaintiff seeks compensatory damages in the amount of $100,000 from each defendant, an additional $100,000 from each defendant in his or her individual capacity, and punitive damages in the amount of $5,000,000.

## III. Analysis

### A. Claims Barred by Immunity

Plaintiff brings suit against the State of Tennessee Department of Human Services. The Eleventh Amendment prohibits nonconsenting states from being sued by private individuals in federal court. *Bd. of Trustees v. Garrett*, 531 U.S. 356, 363 (2001). The protection of sovereign immunity applies to state agencies such as the Department of Human Services. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This protection from suit exists unless the United States Congress has validly abrogated the immunity or the state has waived its sovereign immunity and consented to suit. *Coll. Savings Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999). By statute, the State of Tennessee has expressly preserved its sovereign immunity. Tenn. Code Ann. § 20-13-102. The claims against the State of Tennessee Department of Human Services will be dismissed without prejudice based on sovereign immunity. *See Carmichael v. City of Cleveland*, 571 F. App'x 426, 435 (6th Cir. 2014)

("Dismissals for lack of jurisdiction based on Eleventh Amendment immunity should be made without prejudice." (citing *Ernst v. Rising*, 427 F.3d 351, 367 (6th Cir. 2005)).

Plaintiff also brings claims against Circuit Court Judge Philip Smith. A state judge is generally absolutely immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Such immunity is "not overcome by allegations of bad faith or malice." *Id.* (citations omitted). Rather, judicial immunity is overcome in only two sets of circumstances: (1) a judge is not immune from suit for actions not taken in the judge's judicial capacity; and (2) a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.* at 11–12 (citations omitted). In this case, the allegations do not establish either that Judge Smith took action outside his judicial capacity or that he acted in complete absence of all jurisdiction. The claims against him will therefore be dismissed on the grounds of absolute judicial immunity.

### B. Claims under Section 1983

In order to state a claim under Section 1983, a plaintiff must plead two elements: "(1) deprivation of a right secured by the Constitution of laws of the United States (2) caused by a person acting under color of state law." *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citing *McQueen v. Beecher Cmty. Sch.*, 433 F.3d 460, 463 (6th Cir. 2006)).

Plaintiff sues Gillian L. Jones, "Attorney by Contract for the State of Tennessee," but the Complaint does not contain any factual allegations concerning Jones. The Court therefore cannot determine whether she was a state actor or whether she engaged in conduct that violated Plaintiff's federal rights. The claims against her will be dismissed on that basis. Moreover, if Jones is in fact an attorney employed by the State of Tennessee as an assistant district attorney general, she would be entitled to absolute prosecutorial immunity for actions taken in initiating a

judicial proceeding, appearing in court, or any other conduct "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 343 (2009) (citations and internal quotation marks omitted).

Plaintiff likewise sues William Tallent and alleges that he is an "Attorney by Contract for the State of Tennessee." (Doc. No. 1 ¶ 5.) It is unclear whether this means Tallent was working for a state agency, as a state prosecutor, or otherwise. In any event, the Complaint does not clearly allege that Tallent was a state actor or that he took any action giving rise to liability under Section 1983. For that reason, the Complaint fails to state a claim against him under § 1983 for which relief may be granted. Moreover, even assuming that Tallent qualifies as a "state actor" and that he sought and obtained the suspension of Plaintiff's driver's license during the course of child support proceedings, Tallent is absolutely immune from suit for damages for actions taken in the course of suing or prosecuting Plaintiff for failure to pay child support. *Accord Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 726 (6th Cir. 2011) (finding social worker was entitled to absolute prosecutorial immunity for involvement in judicial child support proceedings); *Streater v. Cox.*, 336 F. App'x 470, 475 (6th Cir. 2009) (holding that an assistant attorney general was absolutely immune from suit based on his decision to file a criminal complaint for failure to pay child support).

Yvette Y. Cain is alleged to be a private attorney. As such, she does not act under "color of state law" and cannot be liable under § 1983. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155 (1978); *Catz v. Chalker*, 142 F.3d 279, 289 (6th Cir. 1998). Although private citizens acting in concert with state officials may be subject to § 1983 liability, *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980), Plaintiff has not alleged facts showing the existence of a conspiracy.

The Metropolitan Government of Nashville and Davidson County ("Metro") is

considered a "person" that may be sued under Section 1983. *Monell v. Dep's of Soc. Servs.*, 436 U.S. 658, 690 (1978). However, for liability to attach, the plaintiff must show that some "custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation." *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012) (quoting *Miller v. Sanilac Cty.*, 606 F.3d 240, 254–55 (6th Cir. 2010)). Plaintiff has not alleged any facts suggesting that a policy or custom adopted by Metro was responsible for a violation of his civil rights.

    C.    **42 U.S.C. §§ 1985 and 1988 and 38 U.S.C. §§ 511(a), 5301.**

To state a claim under Section 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges or immunities of the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *United Bhd. of C & J v. Scott*, 463 U.S. 825, 828–29 (1983). The acts which are alleged to have deprived the plaintiff of equal protection must be the result of class-based discrimination. *Vakilian v. Shaw*, 335 F.3d 509, 518–19 (6th Cir. 2003). The Complaint contains no allegations that satisfy any of these elements and therefore fails to state a claim under Section 1985 for which relief may be granted.

Section 1988 authorizes the recovery of attorney's fees to prevailing plaintiffs in actions under certain federal statutes. It does not independently establish a federal cause of action.

38 U.S.C. § 511(a) provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." It likewise does not create a private right of action.

38 U.S.C. § 5301 appears to provide a defense against the garnishment of veterans'

7

benefits, but it does not create a private right of action or establish a basis for federal jurisdiction. The Court further notes that Plaintiff's objections to the garnishment of his benefits should have been raised in the state trial court and, if rejected at that level, on appeal to the Tennessee Court of Appeals. A lawsuit in this Court is not a substitute for an appeal through the state court system.

## IV.     Conclusion and Order

For the reasons set forth herein, the claims against the State of Tennessee Department of Human Services are **DISMISSED WITHOUT PREJUDICE** on the grounds of sovereign immunity. All remaining claims against the remaining defendants are **DISMISSED WITH PREJUDICE**.

This is the final order in this action, and the Clerk **SHALL** enter judgment in accordance with Fed. R. Civ. P. 58.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE